UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT LEWIS BRITNEY,           )
                                )
              Plaintiffs,        )
                                )
v.                              )        Case No. 4:12 CV 218 RWS
                                )
ERIC K. SHINSEKI,               )
*Secretary of the United States Department*   )
*of Veteran Affairs*,           )
                                )
              Defendant.         )

**MEMORANDUM AND ORDER**

Plaintiff Robert Lewis Britney filed this employment discrimination lawsuit against his

former employer the Department of Veteran Affairs (VA).  Because he is suing the VA, the

named Defendant in this action is Eric K. Shinseki, as the Secretary of the Department of Veteran

Affairs.  The VA has moved for summary judgment asserting that the undisputed facts establish

that Britney failed to exhaust his administrative remedies.  In the alternative, the VA's

undisputed facts show that his employment was terminated based on legitimate

nondiscriminatory reasons.  I have carefully reviewed the record and find that the VA's motion

should be granted.

*Background*

The VA has filed a statement of material facts in support of its motion for summary

judgment.  Because Britney has failed to file a response to the statement or to the motion for

summary judgment[1], all matters set forth in the statement are deemed admitted for the purpose of

---

[1] Britney's response to the VA's motion for summary judgment was due to be filed by
April 28, 2013.  Because Britney failed to file a response, I issued on order on May 2, 2013,

summary judgment.  E.D.Mo. L.R 4.01. The following facts are taken from the VA's statement of facts.

On August 30, 2009, Britney was hired by the VA, on a probationary / trial period of one year, as a Program Support Assistant at the VA Record Management Center in St. Louis, Missouri.  Britney received the same training as other new employees.  His work evaluations during training indicated that he was having issues staying focused on his work, such as receiving too many phone calls, keeping too many computer windows open, and being too talkative.  In December 2009, Britney was informed by his supervisor that his work was below standard.  The supervisor reviewed all of the elements of Britney's work performance plan with him.  Britney's performance reviews in January through April 2010 rated him as below standard in his "production rate" and having poor performance in his "error rate."  Britney was counseled about his poor job performance in April 2010 and told he must improve his performance in May.  Britney's error rate in May was 20% which caused his cumulative annual error rate to 15.38% which is in excess of the error percentage rate set for a fully successful performance.

Britney was counseled again in May and was told that management would need to make a decision about Britney keeping his position as a Program Support Assistant.  Britney's June error rate was below standard at 19.48%.  Management discussed placing Britney on a Performance Improvement Plan but due to Britney's probationary status, he was not eligible to be placed on a PIP.  After a review of his training records, error sheets and monthly reports, the decision was made to terminate Britney's employment.  A VA employee may be terminated during the

directing him to file a response no later than May 10, 2013.  As of today's date, Britney has not filed a response to the VA's motion for summary judgment.

probatory period because his performance or conduct fails to demonstrate the qualifications for his continued employment. On August 16, 2010, Britney was informed that, due to his failure to meet the required performance standards of the VA, his employment with the VA would be terminated effective August 29, 2010.

Britney contacted the Department of Veterans Affairs Office of Resolution Management on September 15, 2010, for EEO counseling, alleging that he had been terminated on the basis of color. He received a notice of the right to file a formal discrimination compliant on October 14, 2010. The formal complaint must be filed within 15 calendar days of the receipt of the notice. 29 C.F.R § 1614.106(b). Britney did not file his formal complaint until November 1, 2010, three days beyond the deadline. The agency dismissed Britney's complaint for his failure to comply with the time limits pursuant to 29 C.F.R. § 1614.107(a)(2).

Britney filed an appeal of the dismissal of his complaint the Equal Employment Opportunity Commission. On March 8, 2011, Britney filed a second EEO complaint alleging he was terminated on the basis of race, sex, and color. He also asserted that a similarly situated female employee received more favorable treatment at the VA. The agency dismissed the second EEO complaint on March 16, 2011, because Britney was raising the same claim that he alleged in his initial EEO complaint. Alternatively, the complaint was dismissed because it was also filed well beyond the 45 day limit to initiate counseling for the claim under 29 C.F.R. §1614.105 (Britney had sought counseling for this second complaint on February 11, 2013, more than 45 days past the date of his termination on August 29, 2010).

On May 24, 2011, the agency filed their response to Britney's appeal with the EEOC, noting that Britney did not file either a statement or a brief in support of his appeal. On July 19,

2011, the EEOC issued its decision affirming the agency's dismissal of Britney's complaint.

Britney filed this case on February 12, 2012. He alleges that the VA subjected him to employment discrimination based on race, gender, age, harassment, and retaliation. The VA has moved for summary judgment on the grounds that Britney failed to exhaust his administrative remedies, or, in the alternative, that the VA had legitimate nondiscriminatory reasons for Britney's termination.

### *Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

Direct evidence of employment discrimination is rare, therefore, most cases rely on circumstantial evidence. In the absence of direct evidence of discrimination, courts employ the

burden shifting analysis of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973)(Title VII case).[2]

Under the burden-shifting analysis, the plaintiff must first establish a prima facie case of intentional discrimination. <u>McDonnell Douglas</u>, 411 U.S. at 802; <u>Bashara v. Black Hills Corp.</u>, 26 F.3d 820, 823 (8th Cir. 1994). If the plaintiff establishes a prima facie case, a presumption of discrimination is established and the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. 411 U.S. at 802. The defendant need not persuade the court that the articulated reason was the basis of the employer's action; rather, it must simply provide some evidence of a non-discriminatory reason or reasons for its action. <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 509 (1993).

Upon the proffer of such evidence, the presumption of discrimination established by the prima facie case "simply drops out of the picture." <u>Id.</u> at 510-11. The burden then shifts back to the plaintiff to prove that the reason articulated by the employer was really a pretext for discrimination. <u>Aucutt</u>, 85 F.3d at 1316. A rejection of the employer's proffered non-discriminatory reason by itself or combined with elements of the prima facie case may be enough to establish, but does not compel, an inference of intentional discrimination. <u>St. Mary's Honor Center</u>, 509 U.S. at 511.

The burden of proving discrimination remains on the plaintiff at all times. <u>Id.</u> at 515-16. It is not enough to merely discredit defendant's articulated reason for the adverse employment action. A plaintiff must always establish that the real reason for defendant's action was

---

[2] See <u>Rothmeier v. Investment Advisers, Inc.</u>, 85 F.3d 1328, 1332 (8th Cir. 1996)(applying <u>McDonnell Douglas</u> to an ADEA claim)

impermissible discrimination.  Id.;  see also Huston v. McDonnell Douglas Corp., 63 F.3d 771, 777 (8th Cir. 1995).  To avoid summary judgment, a plaintiff must present evidence that, when viewed in its entirety: (1) creates a fact issue as to whether the employer's proffered reason is pretextual, and (2) creates a reasonable inference that a discriminatory motive was a determinative factor in the adverse employment decision.  Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1336-37 (8th Cir. 1996).

### *Discussion*

"Administrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer."  McAlister v. Secretary of Dept. of Health and Human Services, 900 F.2d 157, 158 (8th Cir.1990)(citing Morgan v. United States Postal Service, 798 F.2d 1162 (8th Cir.1986).  Failure to exhaust such remedies is fatal to claims of federal employment discrimination.  Id.

Prior to filing an employment action against a federal agency in a district court a complainant must comply with certain notice and exhaustion requirements.  In order to exhaust his administrative remedies, a complainant must first pursue his allegations by contacting an EEO counselor within 45 days of the unlawful practice.  29 C.F.R. § 1614.105(a)(1).  Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir.2005).  If dissatisfied with the result obtained with the help of the counselor, the employee must file a formal complaint of discrimination with the federal agency.  29 C.F.R. § 1614.106.  Once the agency has made a final determination of the complaint, an employee can file a civil action in federal court asserting a claim of employment discrimination.  42 U.S.C. § 2000e-16(c).

After exhausting his administrative remedies, a plaintiff obtains the right to file a civil

action in federal court based upon the employment discrimination claim alleged in the EEOC charge, along with allegations that are "'like or reasonably related'" to that claim. Id. (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994)). However, a plaintiff is barred from asserting in a federal lawsuit claims which are not like or reasonably related to the claims that he raised in his EEOC complaint. "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party with proper notice of the charge, as surely as would an initial failure to file a timely EEOC charge." Watson v. O'Neill, 365 F.3d 609, 614 (8th Cir. 2004).

Exhaustion of administrative remedies is not a jurisdictional requirement. Zipes v. TWA, Inc., 455 U.S. 385, 393(1982). It is a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. The defendant has the burden of proving the affirmative defense of failure to exhaust administrative remedies. Ballard v. Rubin, 284 F.3d 957, 964 n.6 (8th Cir. 2002)(citation and quotations omitted).

The VA has moved for summary judgment of Britney's claims for age discrimination, harassment, and retaliation because these claims were never raised in either of the administrative proceeding initiated by Britney. I shall grant summary judgment as to those claims on this ground. Britney failed to exhaust these claims because he never presented them to the EEO for review.

The VA has also raised and submitted undisputed evidence that Britney failed to exhaust his administrative remedies with the VA and the EEOC before he filed this lawsuit. His discrimination claims were rejected at the administrative level because he failed to comply with

the applicable time limits contained in 29 CFR 1614.105, 1614.106, and 1614.204(c). As a result, the VA's motion for summary judgment will be granted based on Britney's failure to exhaust his administrative remedies.

The record also contains undisputed evidence that the VA's termination of Britney's employment was based on legitimate nondiscriminatory reasons. Summary judgment will be granted to the VA on this alternative ground.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Eric K. Shinseki's motion for summary judgment [#17] is **GRANTED**.


RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of July, 2013.